IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE G. BENNETT, #N28045,         ) | |
|                                    ) | |
|            Plaintiff,    ) | |
|                                    ) | |
| vs.                                ) | Case No. 11-cv-0444-MJR |
|                                    ) | |
| JEFFREY BULLARD,                   ) | |
| DON HATTENDORF,                    ) | |
| KEVIN JACKSON,                     ) | |
| RON ALMAROAD,                      ) | |
| JENNY BROWN,                       ) | |
| S. BARTON,                         ) | |
| CHRISTIAN'S TOWING,                ) | |
| MOUNT VERNON POLICE DEPT., and     ) | |
| CITY OF MOUNT VERNON,              ) | |
|                                    ) | |
|            Defendants.  ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

**A.**     **Introduction**

Plaintiff Eddie G. Bennett brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while Plaintiff was on parole. At the time his complaint was filed, Plaintiff was serving a twenty-one month sentence for possession of a controlled substance.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

---

[1] Plaintiff was released on parole on September 6, 2011 but is currently incarcerated at Menard Correctional Center. *Offender Search: Inmate Search*, Illinois Department of Corrections, http://www2.illinois.gov/IDOC/OFFENDER/Pages/InmateSearch.aspx (last visited Jun. 18, 2012).

1

> governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to dismissal.

    B.    <u>**The Complaint**</u>

On November 12, 2010, Defendant Captain Jeffrey Bullard of the Mount Vernon Police Department executed a search warrant at Plaintiff's residence. Bullard and officers under his supervision confiscated a number of personal items, including a Toshiba laptop computer, a Dell laptop computer, two flat screen televisions, and an E-Machines desktop computer, monitor, keyboard, and speakers. Due to the loss of business information stored on the computers, Plaintiff suffered lost wages. The complaint alleges that Defendant Bullard also searched and seized Plaintiff's car illegally and seized an Apple iPod, tools, watches, and other items. Plaintiff claims that all these items seized were without the scope of the search warrant. Plaintiff's car was also allegedly towed illegally and without cause.

Plaintiff states that Defendants Bullard, the Mount Vernon Police Department, and the City of Mount Vernon hindered Plaintiff from reclaiming his property until the property could be considered abandoned. He also names as Defendant Jenny Brown, alleging that she intentionally mailed a letter informing Defendant of his vehicle's seizure repeatedly to the wrong address. Plaintiff alleges that the police department prematurely initiated forfeiture proceedings, resulting in the permanent loss of Plaintiff's property.

Plaintiff seeks relief in the form of punitive damages and compensatory damages for loss of property and wages. He also requests payment of court costs and fees.

C.   **Analysis**

The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law; if the state provides an adequate remedy, Plaintiff has no civil rights claim.

*Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).

Because Plaintiff has an adequate alternative remedy to pursue for the deprivation of his property, this claim against Defendants for deprivation of property shall be dismissed at this time *without prejudice* to Plaintiff bringing an action in the Illinois Court of Claims.

### C. Disposition

The Court **CONCLUDES** that Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff's complaint is thus **DISMISSED without prejudice** to refilling in the proper forum.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed. The $350 filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

IT IS SO ORDERED.

DATED June 26, 2012.

s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge

4